IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-557-FDW-DCK

| | |
|---|---|
| THREE REASONS, LLC, and ANDREW MASON HUX, <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> THIRTYONE THIRTEEN LLC, <br><br> Defendant, <br><br> and <br><br> JAB-C, LLC f/k/a Supreme Ready-Mix LLC, and MANAL SAFFOURY SCHATTIN, <br><br> Defendants-Counterclaim Plaintiffs. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff Three Reasons LLC's Motion To Compel Discovery And To Amend Case Management Order" (Document No. 44) filed February 14, 2024, and "Plaintiffs' Second Motion To Compel Discovery" (Document No. 55) filed March 28, 2024. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the record, briefing on the pending motions, the parties' "Joint Status Report" (Document No. 59), and following a spirited hearing on April 17, 2024, the undersigned will grant the motions in part and deny the motions in part.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1945). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

By the instant motions, Plaintiffs seek to compel the production of responses to "Plaintiff Three Reasons, LLC's First Set Of Requests For . . . Production Of Documents to Defendant JAB-C, LLC f/k/a Supreme Ready-Mix LLC" (Document No. 44-3), including RFPs 12, 13, 15, and 16. (Document Nos. 44 and 55); see also (Document No. 55-6). In addition, Plaintiffs ask the Court to compel Defendants to produce a privilege log or retract assertions of privilege in Defendants' discovery responses and to compel Defendants to produce "load files" consistent with Standing Order, 3:07-MC-047-FDW, (Document No. 4, p. 3). (Document No. 55).

2

The undersigned will briefly outline the Court's decision on the pending motions as forecast at the conclusion of the Hearing on April 17, 2024.

**Request for Production No. 12**

Plaintiffs' first Request seeks to compel Defendant JAB-C, LLC (f/k/a Supreme Ready Mix, LLC) ("JAB-C") to produce accounting data in Defendants' Xero account. (Document No. 44-1, p. 1); see also (Document No. 55-6, p. 28). JAB-C stores its financial data in an accounting software called Xero which is owned and maintained by JAB-C's 99% owner and manager – Defendant Manal Schattin. (Document No. 44-1, p. 3) (citations omitted). Plaintiffs expect this data "to show the extent to which Defendants overstated their income, profit margins, and profits." (Document No. 44-1, p. 5).

Defendants assert that they have produced Xero's "History and Notes" report for 2020 through 2022. (Document No. 50, p. 6). Defendants contend this includes the accounting information Plaintiffs seek. Id. Moreover, through TeamUp data and Concrete Supply invoices, Defendants allege they have provided all income and all costs for all projects. (Document No. 50, pp. 6-7, 10). According to Defendants, this information provides all data needed to calculate income and Cost of Goods and Services ("COGS"). Id.

The parties now appear to agree that Defendants have already provided adequate responses to parts 12 a and b of this Request, and therefore, further production of those documents is not required. However, based on Plaintiffs' briefing and arguments, the Court will direct Defendants to provide full responses to 12 c, d, and e. (Document No. 55-6, p. 28). This information is relevant and proportional to the needs of the case.

**Request for Production No. 13**

Next, Plaintiffs seek a "History and notes report" related to Defendants' Xero account since January 2023. (Document No. 55-1, pp. 6-7); see also (Document No. 55-6, p. 30); . Defendants have provided such a report through December 2022. Plaintiffs contend there have been subsequent changes to the underlying data, and therefore, they need a "History and notes report" from January 2023 to the present. (Document No. 55-1, pp. 6-7).

The undersigned finds the requested information is relevant and proportional to the needs of the case. Defendants are directed to provide a response to this Request.

**Request for Production No. 15**

This Request seeks "[a]ll documents related to [Defendants'] application for any loan under the Paycheck Protection Program." (Document No. 55-6, p. 32).

Despite the foregoing Request(s) being served months ago, counsels' conferral(s) regarding the Requests and various discovery disputes, briefing on the pending motions to compel, *and* an in-person conference held on March 28, 2024, in anticipation of a Hearing on the pending motions – counsel did not realize until the Hearing on April 17, 2024, that Defendants *never* filed an application for a loan under the Paycheck Protection Program.

The parties now agree the foregoing Request is moot.

**Request for Production No. 16**

By this Request, Plaintiffs seek all of Defendants' "bank and credit card statements from January 1, 2020 through February 2, 2023." (Document No. 55-6, p. 32). Apparently, Defendants provided the requested bank statements on or about April 10, 2024.

Based on counsel's arguments, the undersigned is persuaded that the requested credit card statements are also relevant and proportional to the needs of this case, and should be promptly provided. It does not appear that such production is unduly burdensome. Moreover, as with all

the discovery disputes at this stage, the undersigned's determination relates to what information is *discoverable*; the presiding judge, if necessary, will determine at a later point what information is *admissible*.  See Fed.R.Civ.P. 26(b).

**Privilege Log**

Plaintiffs seek to compel Defendants to either produce a privilege log or withdraw objections to discovery requests based on alleged privilege.  (Document No. 55-1, p. 12).

At the Hearing, the parties agreed that Defendants would withdraw "Ms. Schattin's objections to Request for Production Nos. 10 and 11 (Exs. 4-6)."  Id.  The parties' agreement appears to moot this issue;  however, for the sake of clarity, the undersigned will direct all parties to provide an appropriate privilege log if/when they assert certain documents are privileged and to properly identify any such documents in those logs.

**Load Files**

Finally, Plaintiffs seek to compel Defendants to produce "load files" pursuant to Judge Whitney's "Standing Order …" 3:07-CV-047-FDW (Document No. 4, ¶ 3 C.  (Document No. 55-1, p. 12).

This is another issue where it appears counsel for the parties failed to meaningfully confer and seek a reasonable resolution.  Nevertheless, the undersigned will grant the motion in part as discussed at the Hearing.  Plaintiffs may identify a subset of documents (no more than 100 documents) for which Defendants will provide the load files, or otherwise provide the requested information related to each document's creation and modification in a format agreed upon by both sides.  This information is relevant and proportional to the needs of the case.

## CONCLUSION

The undersigned respectfully directs the parties and counsel to promptly, efficiently, and collaboratively complete the remaining discovery in this case. Defendants have not specifically or formally identified discovery deficiencies in Plaintiffs' discovery responses; however, to the extent Defendants' counsel has raised the issue of "reciprocity" and requested guidance from the Court – Plaintiffs are directed to complete and or supplement their discovery responses if appropriate, and should do so in a manner consistent with the Court's oral and written Orders.

As previously noted by this Court,

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and this District's Local Rules, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention.

(Document No. 54, p. 1) (quoting Document No. 26, pp. 4-5).

Respectfully, the undersigned is not satisfied that counsel in this case have met the foregoing expectations of the Court, including in their preparation for the motions hearing held on April 17, 2024. Under the circumstances of this case, the undersigned will decline to award costs or attorney's fees to either side. However, if the parties and/or counsel fail to meet their discovery obligations going forward, or to otherwise abide by the Rules and Orders of this Court, the undersigned may reconsider an award of sanctions.

**IT IS, THEREFORE, ORDERED** that "Plaintiff Three Reasons LLC's Motion To Compel Discovery And To Amend Case Management Order" (Document No. 44) is **GRANTED in part** and **DENIED in part**. Defendants shall supplement their discovery responses as directed herein on or before **May 10, 2024**.

**IT IS FURTHER ORDERED** that the case deadlines are revised as follows: Plaintiffs' Expert Report - **May 31, 2024**; Defendants' Expert Report – **June 28, 2024**; Discovery Completion – **July 17, 2024;** Mediation Report – **August 2, 2024;** Dispositive Motions – **August 16, 2024**; trial term – **January 6, 2025**.

Further extension of these deadlines is unlikely; however, the parties are respectfully reminded that "the Court preauthorizes the parties to stipulate to the taking of discovery beyond the discovery completion deadline provided that any such extension expires not later than fourteen (14) calendar days prior to the scheduled trial term and a joint stipulation memorializing the extension is filed on the record." (Document No. 26, p. 2).

**IT IS FURTHER ORDERED** that "Plaintiffs' Second Motion To Compel Discovery" (Document No. 55) is **GRANTED in part** and **DENIED in part**. Defendants shall supplement their discovery responses as directed herein on or before **May 10, 2024**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for costs and attorney's fees is **DENIED**.

**SO ORDERED**.

Signed: April 18, 2024

David C. Keesler
United States Magistrate Judge